UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| PATRICK PLUMLEY, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>  v.<br><br>PROTEON THERAPEUTICS, INC., PAUL J. HASTINGS, TIMOTHY P. NOYES, HUBERT BIRNER, GAREN BOHLIN, JOHN G. FREUND, ARTARA THERAPEUTICS, INC., and REM 1 ACQUISITION, INC.,<br><br>    Defendants. | Case No. _____<br><br>JURY TRIAL DEMANDED<br><br>CLASS ACTION |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. This action stems from a proposed transaction announced on September 23, 2019 (the "Proposed Transaction"), pursuant to which Proteon Therapeutics, Inc. ("Proteon" or the "Company") will merge with ArTara Therapeutics, Inc. ("ArTara") and REM 1 Acquisition, Inc. ("Merger Sub").

2. On September 23, 2019, Proteon's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with ArTara and Merger Sub. Pursuant to the terms of the Merger Agreement, each share of ArTara common stock will be converted into the right to receive Proteon shares such that, following the consummation of the Proposed Transaction, ArTara stockholders will own

approximately 90% of the combined company, while stockholders of Proteon will own only approximately 10%.

3. On November 7, 2019, defendants filed a Form S-4 Registration Statement (the "Registration Statement") with the United States Securities and Exchange Commission ("SEC"), which recommends that Proteon's stockholders vote to approve the Proposed Transaction.

4. The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Proteon common stock.

9. Defendant Proteon is a Delaware corporation and maintains its principal executive offices at 200 West Street, Waltham, Massachusetts 02451. Proteon's common stock is traded on the NASDAQ Global Select Market under the ticker symbol "PRTO."

10. Defendant Paul J. Hastings is Chairman of the Board of the Company.

11. Defendant Timothy P. Noyes is Chief Executive Officer and President of the Company.

12. Defendant Hubert Birner is a director of the Company.

13. Defendant Garen Bohlin is a director of the Company.

14. Defendant John G. Freund is a director of the Company.

15. The defendants identified in paragraphs 10 through 14 are collectively referred to herein as the "Individual Defendants."

16. Defendant ArTara is a Delaware corporation and a party to the Merger Agreement.

17. Defendant Merger Sub is a Delaware corporation, a wholly-owned subsidiary of Proteon, and a party to the Merger Agreement.

## CLASS ACTION ALLEGATIONS

18. Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of Proteon (the "Class"). Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

19. This action is properly maintainable as a class action.

20. The Class is so numerous that joinder of all members is impracticable. As of September 23, 2019, there were approximately 13,411,998 shares of Proteon common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

21. Questions of law and fact are common to the Class, including, among others, whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

22. Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature. Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

23. The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

24. Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class. Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

25. Proteon focuses on improving the health of patients with kidney and vascular diseases through the development of novel, first-in-class therapeutics.

26. The Company's lead product candidate, vonapanitase, is an investigational drug intended to improve hemodialysis vascular access outcomes.

27. On September 23, 2019, Proteon's Board caused the Company to enter into the Merger Agreement with ArTara and Merger Sub.

28. Pursuant to the terms of the Merger Agreement, each share of ArTara common stock will be converted into the right to receive Proteon shares such that, following the consummation of the Proposed Transaction, ArTara stockholders will own approximately 90% of the combined company, while stockholders of Proteon will own only approximately 10%.

29. According to the press release announcing the Proposed Transaction:

Proteon Therapeutics, Inc. ("Proteon") (Nasdaq: PRTO), a company developing novel, first-in-class pharmaceuticals to address the medical needs of patients with kidney and vascular diseases, and ArTara Therapeutics, Inc. ("ArTara"), a private clinical stage biopharmaceutical company developing treatments for rare and specialty diseases with significant unmet therapeutic needs, announced today that they have entered into a definitive agreement in which a wholly-owned subsidiary of Proteon will merge with ArTara in an all-stock transaction. The merged company will focus on advancing ArTara's pipeline of transformative late-stage, de-risked rare and specialty diseases assets. Upon stockholder approval, the combined company is expected to operate under the name ArTara Therapeutics, Inc. and trade on the Nasdaq Capital Market under the ticker symbol TARA. . . .

About the Proposed Transaction

Under the terms of the merger agreement, on a pro-forma basis after closing of the merger and the closing of the financing, the current Proteon stockholders will own approximately 10% of the combined company, while ArTara security holders and new investors will own approximately 90% (on a fully diluted basis). The actual allocation between the two groups of stockholders is subject to adjustment based on Proteon's net cash prior to the completion of the Transaction.

The transaction has been unanimously approved by the Board of Directors of both companies, and is expected to close by year end 2019, subject to customary conditions, including approval by Proteon and ArTara stockholders and the satisfaction of the conditions under the stock purchase agreement. The investment pursuant to the stock purchase agreement is expected to be consummated concurrently with the closing of the transaction.

H.C. Wainwright & Co. is acting as financial advisor to Proteon, and Morgan, Lewis & Bockius LLP is acting as legal counsel to Proteon. Ladenburg Thalmann & Co. Inc. is acting as financial advisor to ArTara, and Cooley LLP is acting as legal counsel to ArTara.

Management and Organization

The combined company will be led by Jesse Shefferman, ArTara Chief Executive Officer, and will be headquartered in New York, NY. The board of directors is expected to be composed of 7 members, with 5 such members designated by ArTara, 1 such member designated by Proteon, and Mr. Shefferman.

*The Registration Statement Omits Material Information*

30. Defendants filed the Registration Statement with the SEC in connection with the Proposed Transaction, which recommends that Proteon's stockholders vote to approve the Proposed Transaction.

31. As set forth below, the Registration Statement omits material information with respect to the Proposed Transaction.

32. First, the Registration Statement omits material information regarding the Company's and ArTara's financial projections.

33. The Registration Statement fails to disclose the Company's financial projections.

34. With respect to ArTara's financial projections, the Registration Statement fails to disclose: (i) all line items used to calculate EBIT; (ii) projected cash flows and all underlying line items; and (iii) a reconciliation of all non-GAAP to GAAP metrics.

35. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

36. Second, the Registration Statement omits material information regarding the analyses performed by the Company's financial advisor in connection with the Proposed Transaction, H.C. Wainwright & Co. ("Wainwright").

37. With respect to Wainwright's Discounted Cash Flow Analysis, the Registration Statement fails to disclose: (i) ArTara's projected unlevered cash flows and all underlying line items; (ii) the terminal values of ArTara; (iii) ArTara's estimated net operating profit after taxes; (iv) Wainwright's basis for using an assumed terminal valuation range of 4x and 12x EBIT; and (v) the individual inputs and assumptions underlying the 20.0% to 30.0% discount rate and the perpetuity growth rate of between 1% and 3%.

38. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

39. The omission of the above-referenced material information renders the Registration Statement false and misleading.

40. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Proteon**

41. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

42. The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. Proteon is liable as the issuer of these statements.

43. The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants

7

were aware of this information and their duty to disclose this information in the Registration Statement.

44. The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

45. The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

46. The Registration Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

47. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

48. Because of the false and misleading statements in the Registration Statement, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants, ArTara, and Merger Sub

49. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

50. The Individual Defendants, ArTara, and Merger Sub acted as controlling persons of Proteon within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or Board members of Proteon and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control,

directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

51. Each of the Individual Defendants, ArTara, and Merger Sub was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

52. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Registration Statement.

53. ArTara and Merger Sub also had supervisory control over the composition of the Registration Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Registration Statement.

54. By virtue of the foregoing, the Individual Defendants, ArTara, and Merger Sub violated Section 20(a) of the 1934 Act.

55. As set forth above, the Individual Defendants, ArTara, and Merger Sub had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: November 15, 2019            **RIGRODSKY & LONG, P.A.**

By: */s/ Gina M. Serra*
    Seth D. Rigrodsky (#3147)
    Brian D. Long (#4347)
    Gina M. Serra (#5387)
**OF COUNSEL:**
    300 Delaware Avenue, Suite 1220
    Wilmington, DE 19801
**RM LAW, P.C.**
    Telephone: (302) 295-5310
Richard A. Maniskas
    Facsimile: (302) 654-7530
1055 Westlakes Drive, Suite 300
    Email: sdr@rl-legal.com
Berwyn, PA 19312
    Email: bdl@rl-legal.com
Telephone: (484) 324-6800
    Email: gms@rl-legal.com
Facsimile: (484) 631-1305
Email: rm@maniskas.com

*Attorneys for Plaintiff*